IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00862-PSF-BNB

DANIEL SHIKIAR,

        Plaintiff,

v.

PALISADE CORPORATION,

        Defendant.

_____

PALISADE CORPORATION,

    Counterclaimant,

v.

DANIEL SHIKIAR,

    Counterclaim-Defendant.

---

**PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS [PROPOSED]**

---

Upon stipulation of the parties and a showing of good cause in support of the entry of a

protective order to protect the discovery and dissemination of confidential information or

information which will improperly annoy, embarrass, or oppress any party, witness, or person

providing discovery in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the

disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential**, is subject to protection from disclosure under Fed. R. Civ. P. 26(c)(7) or otherwise by law,** and implicates common law, statutory, or contractual privacy interests of either Plaintiff Daniel Shikiar or Defendant/Counterclaimant Palisade Corporation.

4.      Information designated "ATTORNEYS' EYES ONLY" shall be information that counsel for a producing party believes in good faith contains trade secrets, proprietary information, or other highly sensitive personal, commercial, financial, professional, or business information the disclosure of which would adversely affect the commercial, financial, or business position or interests of the producing party **and is subject to protection from disclosure under Fed. R. Civ. P. 26(c)(7) or otherwise by law.**

5.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

a.      attorneys actively working on this case;

b.      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

2

c.      the parties, including officers and employees of Palisade Corporation whose assistance is required by Palisade's attorneys for preparation, trial, or other proceedings in this case;

d.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

e.      the Court and its employees ("Court Personnel");

f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.      deponents, witnesses, or potential witnesses;

h.      copy or other document services providers hired to assist counsel in this litigation; and

i.      other persons by written agreement of the parties.

6.      ATTORNEYS' EYES ONLY documents, materials, and/or information (collectively "ATTORNEYS' EYES ONLY" information) shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to

a.      attorneys at any outside law firm representing the respective parties to this litigation;

b.      Persons regularly employed by or associated with such attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      c.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

      d.      copy or other document services providers hired to assist counsel in this litigation; and

      e.      other persons by written agreement of the parties.

7.      Prior to disclosing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.      Documents are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." A producing party may remedy an inadvertent failure to designate CONFIDENTIAL or ATTORNEYS' EYES ONLY information by supplemental written notice within a reasonable time after production. In the event of such post-production designation, any disclosure or use by the receiving party of information so designated, which was not at the time of such disclosure or use in violation of the terms of this Consent Protective Order, shall not be deemed a violation of this Order.

9.     Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or

5

ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

11.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated September 11, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge